UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ARNETT,

        Petitioner,         Case Number: 2:18-CV-11486
                                       HON. GEORGE CARAM STEEH
v.

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING
## RESPONDENT'S MOTION TO DISMISS PETITION
## AND DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Mark Arnett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a state inmate at the Lakeland Correctional Facility in Coldwater, Michigan. He challenges his convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of falsely reporting a felony, Mich. Comp. Laws § 750.411a. Respondent, through the Attorney General's Office, has filed a motion to dismiss arguing that the petition was not timely filed. The Court finds that the petition is untimely and that equitable tolling of the limitations period is unwarranted. The Court will grant the motion to dismiss.

## I. Background

Petitioner was convicted by a jury in Oakland County Circuit Court and sentenced as a fourth habitual offender to 25 to 60 years' imprisonment for the two armed robbery convictions, and 4 to 15 years for the false report conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions. *People v. Arnett,* No. 305553, 2012 WL 3966381 (Mich. Ct. App. Sept. 11, 2012). On March 4, 2013, the Michigan Supreme Court denied leave to appeal. *People v. Arnett*, 493 Mich. 940 (Mich. March 4, 2013).

On May 4, 2016, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Arnett*, No. 11-235798 (Oakland County Cir. Ct. June 22, 2016). Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Arnett*, No. 336177 (Mich. Ct. App. May 12, 2017); *People v. Arnett*, 501 Mich. 1035 (Mich. Apr. 3, 2018).

Petitioner filed a habeas corpus petition on April 11, 2018. Respondent filed a motion to dismiss on the ground that the petition was

not timely filed. Petitioner has not filed a response to the motion.

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on March 4, 2013. *People v. Arnett*, 493 Mich. 940 (Mich. March 4, 2013). Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on June 2, 2013, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on June 3, 2013, and continued to run until it expired one year later, on June 3, 2014.

Petitioner's motion for relief from judgment did not toll the limitations period. The motion was filed on May 4, 2016, almost two years after the limitations period already expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves

to "pause" the clock, not restart it).

Petitioner does not assert an argument for equitable tolling in his petition and has not responded to the motion. The Court finds no basis for equitable tolling and will grant the motion for dismissal.

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show

that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 7) and the petition for a writ of habeas corpus is DISMISSED. The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: March 4, 2019

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 4, 2019, by electronic and/or ordinary mail and also on Mark Arnett #209040, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Marcia Beauchemin
Deputy Clerk